IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ZACHERY JENKINS                                                                                     PLAINTIFF

v.                                         Case No. 4:21-cv-4074

WARDEN TINA MAXWELL, Southwest
Arkansas Community Corrections Center; and
ASSISTANT WARDEN J. MINOR                                                                DEFENDANTS

## **ORDER**

Before the Court is Plaintiff's failure to comply with an order of the Court and failure to keep the Court informed of his address. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on October 26, 2021. ECF No. 1. Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted on November 29, 2021. ECF No. 6. The order granting Plaintiff's IFP application advised Plaintiff that he would be required to immediately inform the Court of any change of address. In response to this Court's order (ECF No. 8), Plaintiff filed an Amended Complaint (ECF No. 9) on December 9, 2021. On May 5, 2022, Defendants filed a Motion for Summary Judgment. ECF No. 16. On May 9, 2022, the Court ordered Plaintiff to file a response to the motion by May 31, 2022. ECF No. 21. The order informed Plaintiff that failure to comply would result in the case being dismissed without prejudice. Plaintiff did not respond and the order directing him to do so has not been returned as undeliverable.

On June 7, 2022, the Court entered an order directing Plaintiff to show cause by June 28, 2022, as to why he failed to comply with the Court's order directing him to file a response to Defendants' summary judgment motion. ECF No. 23. On June 13, 2022, this order was returned to the Court as undeliverable noting "Return To Sender No Longer At This Address." ECF No. 24.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and failed to keep the Court informed of his address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Amended Complaint (ECF No. 9) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 22nd day of July 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge